**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN MATEO ELECTRICAL WORKERS
HEALTH CARE TRUST;
INTERNATIONAL BROTHERHOOD OF
ELECTRICAL WORKERS, LOCAL 617;
SAN MATEO COUNTY ELECTRICAL
CONSTRUCTION INDUSTRY
RETIREMENT TRUST;
SAN MATEO ELECTRICAL WORKERS
EDUCATION AND TRAINING PLAN;
Dominic Nolan, as Trustee of the above
TRUSTS; and the NATIONAL
ELECTRICAL CONTRACTORS
ASSOCIATION, SAN MATEO
CHAPTER,

        Plaintiffs,

  v.

C&E ELECTRIC, a California sole
proprietorship; and CARLOS ALBERTO
GARCIA MANZANARES, an individual
dba C&E ELECTRIC,

        Defendants.

_____/

No. C 11-04190 WHA

**ORDER FOR DEFAULT
JUDGMENT**

**INTRODUCTION**

In this ERISA collection action, plaintiffs seek default judgment against one of two defendants. For the following reasons, the motion is **GRANTED IN PART** and **DENIED IN PART** with leave to amend.

**United States District Court**
For the Northern District of California

1

**STATEMENT**

2          Defendant C&E Electric was an employer within the meaning of Section 3(5) of ERISA.

3    29 U.S.C. 1002(5).  Defendant signed a letter of intent binding it to a collective bargaining

4    agreement between the San Mateo County Chapter of the National Electrical Contractors

5    Association and the International Brotherhood of Electrical Workers, Local 617.  The agreement

6    required defendant to pay specific employer contributions, including fringe benefits, into trust

7    funds.  The trusts provided benefits to defendant's employees based on hours reported in

8    monthly transmittals (Compl. ¶¶ 5–9).

9          Between June 2011 and September 2011, defendant repeatedly underpaid or failed to pay

10   the required contributions pursuant to the agreement (*id*. ¶ 10).  Plaintiffs contend that defendant

11   owes $283,611.42 in principal for delinquent contributions, $28,361.14 in liquidated damages,

12   and $2,558.14 in attorney's fees and costs.  Plaintiffs also allege that the trusts require 12%

13   interest per annum on delinquent contributions such that defendant owes $22,519 in unpaid

14   interest on the principal, $15,711.16 in unpaid interest on the liquidated damages, and $93.24

15   per day after January 26, 2012, until judgment is entered (Stephenson Decl. ¶¶ 3–12; Quail Decl.

16   ¶¶ 5–10).  At the motion hearing on January 26, 2011, plaintiffs presented a proposed order

17   showing that defendant had paid $34,643.85 into plaintiffs' trusts. Total judgment sought is

18   therefore $318,117.01 plus $93.24 per day after January 26, 2012, until judgment is entered.

19          Plaintiffs filed a complaint on August 24, 2011.  Plaintiffs' proof of service indicates that

20   the summons and complaint were delivered to C&E's place of business on September 2, and

21   a copy was mailed to C&E's business address four days later.  Motion for entry of default was

22   filed September 27.  Default was entered as to Carlos Alberto Garcia Manzanares, an individual

23   dba C&E Electric, on September 29, while entry of default was declined as to C&E on the same

24   day.  Default was then entered as to C&E on January 18, 2012, after the court clerk verified that

25   the address at which process was served was C&E's business address.  No response from C&E

26   has been received.

27

28

2

United States District Court

For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## ANALYSIS

### 1.   SUMMARY JUDGMENT.

Under FRCP 55(b)(2), a plaintiff can apply for a default judgment against a defendant that has failed to plead or otherwise defend an action.  The trial court must consider the following factors when deciding whether or not to grant a motion for default judgment:  (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).  All but one of these factors favors entry of default judgment against C&E.

### A.   Merits and Sufficiency of the Complaint.

In determining liability and entry of default judgment, the general rule is that well-pleaded allegations in the complaint regarding liability are deemed true, except as to the amount of damages.  *Fair Housing of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002).  *Eitel* factors two, three, and five weigh in favor of a default judgment.  There appears no possibility of dispute concerning material facts.  Plaintiffs have sufficiently supported their allegation that C&E Electric was contractually obligated to pay contributions into plaintiffs' trust funds, and would pay liquidated damages at 10% for each month the payment was delinquent (Quail Exh. B).  They have provided monthly statements for the trust funds sent to C&E Electric that total $283,611.42 for June through September (Quail Exh. C).  They have also shown a billing statement for attorney's fees equal to the amount in the complaint (Quail Exh. D).  At the motion hearing, plaintiffs showed that defendant had paid $34,643.85 into plaintiffs trusts. This payment is therefore subtracted from the amount previously owed.  These statements have merit and are sufficient, and default judgment as to these amounts, totaling $279,886.85, is **GRANTED**.

Yet plaintiffs have not provided sufficient support for the claim that they are entitled to 12% interest on the principal and liquidated damages of the unpaid contributions.  While plaintiffs are certainly entitled to interest, this figure represents around three times the amount

3

1   of interest dictated by federal statute.  15 U.S.C. 1640(e).  Plaintiffs are entitled to the 12%

2   interest rate only if they can show that both parties agreed to this amount, which they have not

3   done.  Accordingly, the amounts accounting for the interest owed ($38,230.16) and interest

4   per day until judgment is entered ($93.24) are **DENIED** with leave to amend.

5                    **B.        Remaining Factors.**

6        All but one of the remaining *Eitel* factors likewise favor default judgment with respect

7   to the principal, liquidated damages, and attorney's fees. *First*, the possibility of prejudice to

8   plaintiffs is great.  Were the motion denied, the participants and beneficiaries of the health,

9   welfare, pension and fringe benefits plans would not receive their full benefits.  *Second*, it is

10  highly unlikely that default was the result of excusable neglect.  Summons was hand delivered

11  to the secretary at C&E's front desk on September 2, and four days later a copy was sent to

12  C&E's business address.  On September 29, entry of default was declined as to C&E but granted

13  as to Mr. Manzanares, C&E's sole proprietor.  The declination of default was not prejudicial,

14  and entry was granted as to C&E on January 18, 2012.  Defendant therefore had sufficient notice

15  of plaintiffs' claim.  *Third*, although federal policy favors decisions on the merits, this factor

16  does not outweigh the other six factors that point towards summary judgment.

17       *Fourth*, the sum of money at stake in this action is not unreasonable.  Default judgment

18  is generally disfavored where large sums of money are involved.  *Eitel*, 782 F.2d at 1472.

19  Plaintiffs seek $318,117.01, and will currently be awarded $279,886.85, which pales in

20  comparison to the three million dollars at issue in *Eitel*.  *US v. Palomba*, 2003 WL 21804813

21  (N.D. Cal. Feb. 20, 2003) (Alsup, J.) ($330,483.10 was a reasonable sum).  This factor favors

22  entry of default judgment.

23                    **2.        COURT'S DISCRETION WITH RESPECT TO DAMAGES.**

24       Damages in this action are governed by 29 U.S.C. 1145, which states that employers

25  obligated under the terms of a collective bargaining agreement to make contributions into a

26  multi-employer plan *shall* do so.  These payments are mandatory, and must be granted without

27  the court's discretion.  *Operating Eng'rs Pension Trust v. Reed*, 726 F.2d 513, 514–15 (9th Cir.

28

*United States District Court*
For the Northern District of California

4

1984).  Plaintiffs' substantiated claims for the principal, liquidated damages, and attorney's fees owed are therefore automatically granted.

## CONCLUSION

For the foregoing reasons, plaintiffs' motion for default judgment against defendant C&E Electric is **GRANTED IN PART** and **DENIED IN PART** with leave to amend.  Final judgment will be held until plaintiffs have cured the deficiencies in their complaint with respect to the amount of interest owed.

**IT IS HEREBY ORDERED**:

1.      Plaintiffs' motion for default judgment against defendant C&E Electric is **GRANTED** as to the principal, liquidated damages, and attorney's fees.

2.      Defendant shall pay $279,886.85 for unpaid contributions, liquidated damages, and attorney's fees.

3.      Plaintiffs' motion for default judgment as to the interest on the principal and liquidated damages is **DENIED** with leave to amend.

**IT IS SO ORDERED.**

Dated:  January 27, 2012.

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE