United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN MATEO ELECTRICAL WORKERS HEALTH CARE TRUST; INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL 617; SAN MATEO COUNTY ELECTRICAL CONSTRUCTION INDUSTRY RETIREMENT TRUST; SAN MATEO ELECTRICAL WORKERS EDUCATION AND TRAINING PLAN; Dominic Nolan, as Trustee of the above TRUSTS; and the NATIONAL ELECTRICAL CONTRACTORS ASSOCIATION, SAN MATEO CHAPTER,<br><br>    Plaintiffs,<br><br>  v.<br><br>C&E ELECTRIC, a California sole proprietorship; and CARLOS ALBERTO GARCIA MANZANARES, an individual dba C&E ELECTRIC,<br><br>    Defendants.<br>_____/ | No. C 11-04190 WHA<br><br>**ORDER FOR DEFAULT JUDGMENT** |

**INTRODUCTION**

In this ERISA collection action, plaintiffs seek default judgment against one of two defendants. For the following reasons, the motion is **GRANTED IN PART** and **DENIED IN PART** with leave to amend.

**STATEMENT**

Defendant C&E Electric was an employer within the meaning of Section 3(5) of ERISA. 29 U.S.C. 1002(5). Defendant signed a letter of intent binding it to a collective bargaining agreement between the San Mateo County Chapter of the National Electrical Contractors Association and the International Brotherhood of Electrical Workers, Local 617. The agreement required defendant to pay specific employer contributions, including fringe benefits, into trust funds. The trusts provided benefits to defendant's employees based on hours reported in monthly transmittals (Compl. ¶¶ 5–9).

Between June 2011 and September 2011, defendant repeatedly underpaid or failed to pay the required contributions pursuant to the agreement (*id*. ¶ 10). Plaintiffs contend that defendant owes $283,611.42 in principal for delinquent contributions, $28,361.14 in liquidated damages, and $2,558.14 in attorney's fees and costs. Plaintiffs also allege that the trusts require 12% interest per annum on delinquent contributions such that defendant owes $22,519 in unpaid interest on the principal, $15,711.16 in unpaid interest on the liquidated damages, and $93.24 per day after January 26, 2012, until judgment is entered (Stephenson Decl. ¶¶ 3–12; Quail Decl. ¶¶ 5–10). At the motion hearing on January 26, 2011, plaintiffs presented a proposed order showing that defendant had paid $34,643.85 into plaintiffs' trusts. Total judgment sought is therefore $318,117.01 plus $93.24 per day after January 26, 2012, until judgment is entered.

Plaintiffs filed a complaint on August 24, 2011. Plaintiffs' proof of service indicates that the summons and complaint were delivered to C&E's place of business on September 2, and a copy was mailed to C&E's business address four days later. Motion for entry of default was filed September 27. Default was entered as to Carlos Alberto Garcia Manzanares, an individual dba C&E Electric, on September 29, while entry of default was declined as to C&E on the same day. Default was then entered as to C&E on January 18, 2012, after the court clerk verified that the address at which process was served was C&E's business address. No response from C&E has been received.

2

**ANALYSIS**

**1.    SUMMARY JUDGMENT.**

Under FRCP 55(b)(2), a plaintiff can apply for a default judgment against a defendant that has failed to plead or otherwise defend an action. The trial court must consider the following factors when deciding whether or not to grant a motion for default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). All but one of these factors favors entry of default judgment against C&E.

**A.    Merits and Sufficiency of the Complaint.**

In determining liability and entry of default judgment, the general rule is that well-pleaded allegations in the complaint regarding liability are deemed true, except as to the amount of damages. *Fair Housing of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002). *Eitel* factors two, three, and five weigh in favor of a default judgment. There appears no possibility of dispute concerning material facts. Plaintiffs have sufficiently supported their allegation that C&E Electric was contractually obligated to pay contributions into plaintiffs' trust funds, and would pay liquidated damages at 10% for each month the payment was delinquent (Quail Exh. B). They have provided monthly statements for the trust funds sent to C&E Electric that total $283,611.42 for June through September (Quail Exh. C). They have also shown a billing statement for attorney's fees equal to the amount in the complaint (Quail Exh. D). At the motion hearing, plaintiffs showed that defendant had paid $34,643.85 into plaintiffs trusts. This payment is therefore subtracted from the amount previously owed. These statements have merit and are sufficient, and default judgment as to these amounts, totaling $279,886.85, is **GRANTED**.

Yet plaintiffs have not provided sufficient support for the claim that they are entitled to 12% interest on the principal and liquidated damages of the unpaid contributions. While plaintiffs are certainly entitled to interest, this figure represents around three times the amount

3

of interest dictated by federal statute. 15 U.S.C. 1640(e). Plaintiffs are entitled to the 12% interest rate only if they can show that both parties agreed to this amount, which they have not done. Accordingly, the amounts accounting for the interest owed ($38,230.16) and interest per day until judgment is entered ($93.24) are **DENIED** with leave to amend.

### B. Remaining Factors.

All but one of the remaining *Eitel* factors likewise favor default judgment with respect to the principal, liquidated damages, and attorney's fees. *First*, the possibility of prejudice to plaintiffs is great. Were the motion denied, the participants and beneficiaries of the health, welfare, pension and fringe benefits plans would not receive their full benefits. *Second*, it is highly unlikely that default was the result of excusable neglect. Summons was hand delivered to the secretary at C&E's front desk on September 2, and four days later a copy was sent to C&E's business address. On September 29, entry of default was declined as to C&E but granted as to Mr. Manzanares, C&E's sole proprietor. The declination of default was not prejudicial, and entry was granted as to C&E on January 18, 2012. Defendant therefore had sufficient notice of plaintiffs' claim. *Third*, although federal policy favors decisions on the merits, this factor does not outweigh the other six factors that point towards summary judgment.

*Fourth*, the sum of money at stake in this action is not unreasonable. Default judgment is generally disfavored where large sums of money are involved. *Eitel*, 782 F.2d at 1472. Plaintiffs seek $318,117.01, and will currently be awarded $279,886.85, which pales in comparison to the three million dollars at issue in *Eitel*. *US v. Palomba*, 2003 WL 21804813 (N.D. Cal. Feb. 20, 2003) (Alsup, J.) ($330,483.10 was a reasonable sum). This factor favors entry of default judgment.

### 2. COURT'S DISCRETION WITH RESPECT TO DAMAGES.

Damages in this action are governed by 29 U.S.C. 1145, which states that employers obligated under the terms of a collective bargaining agreement to make contributions into a multi-employer plan *shall* do so. These payments are mandatory, and must be granted without the court's discretion. *Operating Eng'rs Pension Trust v. Reed*, 726 F.2d 513, 514–15 (9th Cir.

4

1984).  Plaintiffs' substantiated claims for the principal, liquidated damages, and attorney's fees owed are therefore automatically granted.

## CONCLUSION

For the foregoing reasons, plaintiffs' motion for default judgment against defendant C&E Electric is **GRANTED IN PART** and **DENIED IN PART** with leave to amend.  Final judgment will be held until plaintiffs have cured the deficiencies in their complaint with respect to the amount of interest owed.

**IT IS HEREBY ORDERED**:

1. Plaintiffs' motion for default judgment against defendant C&E Electric is **GRANTED** as to the principal, liquidated damages, and attorney's fees.
2. Defendant shall pay $279,886.85 for unpaid contributions, liquidated damages, and attorney's fees.
3. Plaintiffs' motion for default judgment as to the interest on the principal and liquidated damages is **DENIED** with leave to amend.

**IT IS SO ORDERED.**

Dated: January 27, 2012.

WILLIAM ALSUP  
UNITED STATES DISTRICT JUDGE